```
 1 | KAREN P. HEWITT
   | United States Attorney
 2 | MELANIE A. ANDREWS
   | Special Assistant U.S. Attorney
 3 | Office of the U.S. Attorney
   | Federal Office Building
 4 | 880 Front Street, Room 6293
   | San Diego, CA 92101-8893
 5 | Telephone: (619) 557-7460
   | melanie.andrews@usdoj.gov
 6 |
   | Attorneys for Defendant
 7 | United States of America
 8 |
 9 |                 UNITED STATES DISTRICT COURT
10 |
   |                SOUTHERN DISTRICT OF CALIFORNIA
11 |
   | GRANITE STATE INSURANCE      )   Case No. 07cv2128 BEN(NLS)
12 | COMPANY,                     )
   |                              )
13 |              Plaintiff,      )
   |                              )   ANSWER TO COMPLAINT
14 |      v.                      )
   |                              )
15 | UNITED STATES OF AMERICA,    )
   |                              )
16 |              Defendant.      )
   |                              )
17 |
18 |      COMES NOW Defendant, the United States of America, by and
19 | through its attorneys, Karen P. Hewitt, United States Attorney and
20 | Melanie A. Andrews, Special Assistant United States Attorney, and
21 | for its Answer to Plaintiff's Complaint sets forth the following:
22 |      1.   Answering Paragraph 1 of the Complaint, Defendant states
23 | that the allegations concerning jurisdiction contained therein are
24 | legal conclusions solely within the purview of the court and for
25 | its determination, and no answer is therefore required.  To the
26 | extent an answer is required, said allegations are denied.
27 | //
28 | //
```

1    2.   Answering Paragraph 2 of the complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required.  To the extent an answer is required, said allegations are denied.

     3.   Answering Paragraph 3 of the complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

     4.   Answering Paragraph 4 of the complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required.  To the extent an answer is required, said allegations are denied.

     5.   Answering the first sentence of Paragraph 5 of the complaint, the Defendant admits that Marl Lemoge sustained injuries on or about April 17, 2004.  Answering the second sentence in Paragraph 5 of the complaint, the Defendant admits that on or about April 13, 2006, Plaintiff submitted an administrative claim to the Department of the Navy.  Answering the third sentence of Paragraph 5 of the complaint, Defendant admits the substantial truth of the allegations contained therein.  Except as specifically admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said paragraph.

//
//
//

6. Answering the first sentence of Paragraph 6 of the complaint, Defendant admits the substantial truth of the allegations contained therein. Answering the second sentence of Paragraph 6 of the complaint, Defendant states that the allegation concerning jurisdiction contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

7. Answering Paragraph 7 of the complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

8. Answering Paragraph 8 of the complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.

9. Answering Paragraph 9 of the complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.

10. Answering Paragraph 10 of the complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

//
//
//
//

11. Answering Paragraph 11 of the complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

Defendant denies all other allegations of Plaintiff's complaint not specifically admitted.

**AFFIRMATIVE AND OTHER DEFENSES**

1. The Court lacks jurisdiction over the subject matter of this action.

2. The Complaint fails to state a claim upon which relief can be granted to the Plaintiff against the Defendant under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, as averred in the Complaint or otherwise, for the reason that if said Defendant were a private person, it would not be liable to Plaintiff in accordance with the law of the State of California.

3. Plaintiff cannot recover for any injury or injuries caused in whole or in part by and through its' or Mark Lemoge's own carelessness, negligence, or assumption of the risk.

4. To the extent the acts or omissions of others were the sole proximate causes of any injury, damage, or loss to the Plaintiff, those acts and omissions have superseded any acts or omissions of Defendant.

5. Plaintiff cannot recover damages from Defendant for any injuries that were not proximately caused by a negligent or wrongful act or omission on the part of Defendant or any employee or agent of Defendant.

1    6.   There was no negligent act or omission on the part of any
2 federal employee.
3    7.   Defendant asserts, as an affirmative defense, California
4 Civil Code, § 1431.2(a), which provides:
5      In any action for personal injury, property damage, or
      wrongful death, based upon principles of comparative
6      fault, the liability of each defendant for non-economic
      damages shall be several only and shall not be joint.
7      Each defendant shall be liable only for the amount of
      non-economic damages allocated to that defendant in
8      direct proportion to that defendant's percentage of
      fault, and a separate judgment shall be rendered against
9      that defendant for that amount.
10    8.   To the extent Plaintiff failed to exercise reasonable
11 care in mitigating its' or Mark Lemoge's damages, its' or Mark
12 Lemoge's claims must be barred or diminished.
13    9.   Plaintiff's recovery, if any, is limited to the amount of
14 the claim the Plaintiff presented administratively.  See 28 U.S.C.
15 § 2675(b).
16    10.  To the extent Plaintiff has alleged speculative future
17 damages, they do not constitute compensable damages.
18    11.  All future damages, if any, must be reduced to present
19 value.
20    12.  Income taxes must be deducted from Plaintiff's alleged
21 past and future lost earnings, if any.
22    13.  In the event Defendant is found liable, which Defendant
23 expressly denies, Defendant is entitled to an offset against
24 damages, if any, for all amounts received by Plaintiff from the
25 United States of America and its agencies, by reason of Plaintiff's
26 alleged injuries.
27 //
28 //

1  14. The recreational use statute bars Plaintiff and Mark
2  Lemoge from recovering from Defendant for any injury, injuries or
3  damages suffered by Plaintiff or Mark Lemoge.
4  15. Attorney fees in this action brought under the Federal
5  Tort Claims Act are limited to twenty-five percent of the amount
6  awarded, if any, to the Plaintiff.
7  16. If any damages are awarded to Plaintiff, they are to be
8  apportioned according to the respective fault and legal
9  responsibility of all parties, persons and entities or the agents
10 and employees who contributed to and/or caused the incident.
11 WHEREFORE, Defendant prays that Plaintiff take nothing by
12 reason of its' suit herein, that judgment be rendered in favor of
13 said Defendant, for costs of suit herein incurred, and for such
14 other and further relief as this Court may deem proper.

DATED: February 04, 2008          KAREN P. HEWITT
                                  United States Attorney


                                  /s/Melanie A. Andrews
                                  MELANIE A. ANDREWS
                                  Special Assistant U.S. Attorney

                                  Attorneys for the Defendant
                                  United States of America
                                  Email: Melanie.Andrews@usdoj.gov