KAREN P. HEWITT
United States Attorney
MELANIE A. ANDREWS
Special Assistant U.S. Attorney
Office of the U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7460
melanie.andrews@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE STATE INSURANCE COMPANY, | Case No. 07cv2128 BEN(NLS) |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

COMES NOW Defendant, the United States of America, by and through its attorneys, Karen P. Hewitt, United States Attorney and Melanie A. Andrews, Special Assistant United States Attorney, and for its Answer to Plaintiff's Complaint sets forth the following:

1. Answering Paragraph 1 of the Complaint, Defendant states that the allegations concerning jurisdiction contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

//
//

1     2.    Answering Paragraph 2 of the complaint, Defendant states
2  that the allegations contained therein are legal conclusions solely
3  within the purview of the court and for its determination, and no
4  answer is therefore required.  To the extent an answer is required,
5  said allegations are denied.
6     3.    Answering Paragraph 3 of the complaint, Defendant states
7  that it is without knowledge or information sufficient to form a
8  belief as to the truth of the allegations therein contained, and
9  based thereon, denies generally and specifically each, all and
10 every allegation contained therein.
11    4.    Answering Paragraph 4 of the complaint, Defendant states
12 that the allegations contained therein are legal conclusions solely
13 within the purview of the court and for its determination, and no
14 answer is therefore required.  To the extent an answer is required,
15 said allegations are denied.
16    5.    Answering the first sentence of Paragraph 5 of the
17 complaint, the Defendant admits that Marl Lemoge sustained injuries
18 on or about April 17, 2004.  Answering the second sentence in
19 Paragraph 5 of the complaint, the Defendant admits that on or about
20 April 13, 2006, Plaintiff submitted an administrative claim to the
21 Department of the Navy.  Answering the third sentence of Paragraph
22 5 of the complaint, Defendant admits the substantial truth of the
23 allegations contained therein.  Except as specifically admitted,
24 Defendant denies, generally and specifically, each, all and every
25 remaining allegation in said paragraph.
26 //
27 //
28 //

6. Answering the first sentence of Paragraph 6 of the complaint, Defendant admits the substantial truth of the allegations contained therein. Answering the second sentence of Paragraph 6 of the complaint, Defendant states that the allegation concerning jurisdiction contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

7. Answering Paragraph 7 of the complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

8. Answering Paragraph 8 of the complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.

9. Answering Paragraph 9 of the complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.

10. Answering Paragraph 10 of the complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

//
//
//
//

1   11.  Answering Paragraph 11 of the complaint, Defendant states
2 that the allegations contained therein are legal conclusions solely
3 within the purview of the court and for its determination, and no
4 answer is therefore required.  To the extent an answer is required,
5 said allegations are denied.
6   Defendant denies all other allegations of Plaintiff's
7 complaint not specifically admitted.
8
9               **AFFIRMATIVE AND OTHER DEFENSES**
10   1.   The Court lacks jurisdiction over the subject matter of
11 this action.
12   2.   The Complaint fails to state a claim upon which relief
13 can be granted to the Plaintiff against the Defendant under the
14 Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, as
15 averred in the Complaint or otherwise, for the reason that if said
16 Defendant were a private person, it would not be liable to
17 Plaintiff in accordance with the law of the State of California.
18   3.   Plaintiff cannot recover for any injury or injuries
19 caused in whole or in part by and through its' or Mark Lemoge's own
20 carelessness, negligence, or assumption of the risk.
21   4.   To the extent the acts or omissions of others were the
22 sole proximate causes of any injury, damage, or loss to the
23 Plaintiff, those acts and omissions have superseded any acts or
24 omissions of Defendant.
25   5.   Plaintiff cannot recover damages from Defendant for any
26 injuries that were not proximately caused by a negligent or
27 wrongful act or omission on the part of Defendant or any employee
28 or agent of Defendant.

6. There was no negligent act or omission on the part of any federal employee.

7. Defendant asserts, as an affirmative defense, California Civil Code, § 1431.2(a), which provides:

> In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

8. To the extent Plaintiff failed to exercise reasonable care in mitigating its' or Mark Lemoge's damages, its' or Mark Lemoge's claims must be barred or diminished.

9. Plaintiff's recovery, if any, is limited to the amount of the claim the Plaintiff presented administratively. See 28 U.S.C. § 2675(b).

10. To the extent Plaintiff has alleged speculative future damages, they do not constitute compensable damages.

11. All future damages, if any, must be reduced to present value.

12. Income taxes must be deducted from Plaintiff's alleged past and future lost earnings, if any.

13. In the event Defendant is found liable, which Defendant expressly denies, Defendant is entitled to an offset against damages, if any, for all amounts received by Plaintiff from the United States of America and its agencies, by reason of Plaintiff's alleged injuries.

//
//

14. The recreational use statute bars Plaintiff and Mark Lemoge from recovering from Defendant for any injury, injuries or damages suffered by Plaintiff or Mark Lemoge.

15. Attorney fees in this action brought under the Federal Tort Claims Act are limited to twenty-five percent of the amount awarded, if any, to the Plaintiff.

16. If any damages are awarded to Plaintiff, they are to be apportioned according to the respective fault and legal responsibility of all parties, persons and entities or the agents and employees who contributed to and/or caused the incident.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of its' suit herein, that judgment be rendered in favor of said Defendant, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: February 04, 2008      KAREN P. HEWITT
                              United States Attorney


                              /s/Melanie A. Andrews
                              MELANIE A. ANDREWS
                              Special Assistant U.S. Attorney

                              Attorneys for the Defendant
                              United States of America
                              Email: Melanie.Andrews@usdoj.gov